While I agree with the majority's treatment and analysis of appellant's first and second assignments of error, it appears appropriate to this writer to elaborate briefly on the issue of judicial admission. Again, agreeing entirely with the majority's analysis that the record here contains the statements in part, made by appellant's counsel in her opening statement, and particularly in her closing argument, to the effect "that plaintiff sustained some injury as a result of that car accident."
However, a number of authorities have recognized a basic distinction between an attorney's judicial admissions which can have the effect of being binding upon a party in any lawsuit, and attorney's less formal evidential admissions made in the character of a party's agent in the trial of a matter. See United States v.McKeon (C.A. 2, 1984), 738 F.2d 26, 30, n. 3, citing Note, Judicial Admissions (1964), 64 Colum.L.Rev. 1121. See, also,United States v. Blood (C.A. 4, 1986), 806 F.2d 1218, 1221, fn. 2.
McKeon is most pertinent here. In that case, the court extended the application of an attorney's statement made in opening statement in a prior trial to a subsequent trial of the same matter. McKeon, 738 F.2d at 30. McKeon also provides that statements made by such attorney concerning matters within his employment may be admissible against the party retaining that attorney, and that these concepts extend to arguments made to the jury. Id.
This type of less formal admission, unlike the more formal judicial admission, is considered of an evidential quality, while the latter is treated as a conclusive exercise regarding a given fact or facts and has the effect of dispensing with evidential proof of such items.
The vehicle for those statements characterized as evidential admissions by an attorney is said to be Evid.R. 801(D)(2). 2 Gianelli and Snyder, Evidence (1996) 48, Section 801.27. See, also, 29A American Jurisprudence 2d (1994) 194-195, Evidence, Section 812. Further, the Second District Court of Appeals also recognized the foregoing distinction in State v. Pipkins (Feb. 9, 1996), Montgomery App. No. CA 15060, unreported, at 6, 1996 WL 50158.
As was the case in the nonevidential judicial admission addressed by the majority, the evidential admission here was also not formally presented to the jury in this context based on the record before us. Nevertheless, the fact that these admissions were contained in appellant's counsel's closing argument does lend additional support with respect to the trial court's granting of appellees' motion for new trial.
Thus, this writer concurs entirely with the result achieved by the majority. ______________________________ PRESIDING JUDGE DONALD R. FORD